USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2021

HARDY & BACON

William E. Vita

1325 Avenue of the Americas
New York, New York 10019
t 212-989-8844
d 212.779.6103
f 929-501-5455
wvita@shb.com

<u>VIA CM/ECF</u>

June 15, 2021

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Room 15D
New York, NY 10007

    Re: Darlene Dahlgren v. Bayer Healthcare LLC, et al. (Case No. 1:21-cv-03109-AT)

Dear Judge Torres,

    This firm represents the Defendants, Bayer Healthcare LLC and Elanco Animal Health Inc. (collectively, "Defendants"), in the above-referenced action. Defendants respectfully submit this unopposed Letter Motion to Stay All Proceedings ("Unopposed Motion to Stay") pending the determination of an MDL petition that has been filed before the Judicial Panel on Multidistrict Litigation (the "JPML"). *See IN RE: Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL-No.-3009 (J.P.M.L. Apr. 27, 2021) (the "JPML Action"). The MDL petition seeks to transfer this action and several others to the District of New Jersey pursuant to 28 U.S.C. § 1407. Defendants seek a temporary stay of this action pending the resolution of the MDL petition, in order to conserve the resources of the Court and the parties and to avoid duplicative litigation and inconsistent rulings. This is Defendants' second request for a change to their deadline to respond to the Complaint.[1] Defendants' counsel has conferred with counsel for Plaintiff, who have confirmed that Plaintiff does not oppose a temporary stay of all proceedings pending resolution of the MDL petition.

    In support of their Unopposed Motion to Stay, Defendants state as follows.

I.    BACKGROUND

---

[1] Defendants' responsive pleading was initially due on May 3, and after the Court granted an extension, is currently due on June 17. (*See* Dkt. Nos. 11, 13.)



A.   This Action

On April 9, 2021, Plaintiff filed a Class Action Complaint against Defendants, alleging various claims in connection with Defendants' sale of a collar that protects dogs and cats from fleas and ticks. (Dkt. No. 1.) On April 15, the action was reassigned to this Court.

On April 23, this Court granted Defendants' first Letter Motion for Extension of Time to Answer and set a June 17 deadline for Defendants to respond to the Complaint. (Dkt. No. 13.)

On May 11, this Court granted Defendants' request for leave to file this Unopposed Motion to Stay and adjourned the pretrial conference that had been set for June 8. (Dkt. No. 20.)

B.   The MDL Petition

On April 27, Laura Revolinsky, the plaintiff in *Revolinsky v. Elanco Animal Health Inc., et al.*, No. 2:21-cv-10003-SDW-MAH (D.N.J.), filed an MDL petition seeking to centralize twelve actions, including this one, in the District of New Jersey pursuant to 28 U.S.C. § 1407. (*See* JPML Action Dkt. No. 1.) Three additional actions have since been tagged as related to the JPML Action. (*See* JPML Action Dkt. Nos. 14, 15, 19.)

Defendants' response to the MDL petition was due June 3 and plaintiff's reply was due June 10. Defendants expect that the MDL petition will be resolved at the next JPML hearing session in late July.

II.   ARGUMENT

A temporary stay of this action is warranted pending resolution of the MDL petition currently before the JPML. "It is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015). A federal court has authority to stay proceedings pursuant to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts in the Second Circuit "consider five factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie*, 87 F. Supp. 3d at 471 (internal quotation marks and citation omitted).



Here, there is no risk of prejudice to Plaintiff, as Plaintiff has consented to a stay of all proceedings in this action pending resolution of the MDL petition. Further, if the case is not stayed, both parties will incur potentially unnecessary litigation expenses in the event the JPML decides to consolidate and transfer this action. *See Rojas v. Teva Pharms. USA, Inc.*, No. 20-CV-6448 (KMK), 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020) ("A stay will allow Plaintiff and Defendants to avoid the risk of duplicating their briefing . . . [and] will also reduce the risk of inconsistent rulings."). Finally, "a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." *Ritchie*, 87 F. Supp. 3d at 471. "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases).

\* \* \*

In light of the foregoing, Defendants respectfully request that the Court grant their Unopposed Motion to Stay pending resolution of the MDL petition. Defendants further request that their deadline to respond to the Complaint be extended *sine die*. We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*William Vita*

William E. Vita
SHOOK HARDY & BACON LLP
1325 Avenue of the Americas, 28th FL
New York, New York 10019
Telephone: (212) 779-6103
wvita@shb.com

GRANTED. This action is STAYED pending resolution of the MDL petition. Defendants' deadline to respond to the complaint is ADJOURNED *sine die*.

By **August 10, 2021**, Defendants shall file a status letter concerning the status of the MDL petition.

SO ORDERED.

Dated: June 28, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge